1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES DARNELL SMITH,

11          Petitioner,                    No. CIV-S-00-0874 DFL DAD P

12      vs.

13   GAIL LEWIS, et al.,

14          Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 1997 judgment entered by

18   the Sacramento County Superior Court after a jury convicted him of willfully failing to register

19   as a sex offender in violation of California Penal Code § 290(f).

20          In his habeas application, petitioner alleges three grounds for relief:  (1) the

21   evidence was not legally sufficient to support his conviction; (2) his sentence of 28 years to life

22   constitutes cruel and unusual punishment; and (3) use of California's pattern instruction on

23   reasonable doubt at his trial violated his right to due process.  Upon careful consideration of the

24   briefs on file and the entire record, the undersigned will recommend that petitioner's habeas

25   application be granted with respect to petitioner's claim that the evidence was not legally

26   /////

1

1  sufficient to support his conviction.  Because that claim is dispositive of the petition, this court

2  will not address petitioner's claims of cruel and unusual punishment and jury instruction error.

3                                    PROCEDURAL HISTORY[1]

4           On August 19, 1997, after a jury trial in the Sacramento County Superior Court,

5  petitioner was found guilty of willful failure to register as a sex offender in violation of

6  California Penal Code § 290(f).  On September 26, 1997, the trial court found that petitioner had

7  suffered two prior serious or "strike" felony convictions for purposes of California Penal Code

8  §§ 667(b)-(I) and 1170.12 as well as three prior prison terms for purposes of California Penal

9  Code § 667.5(b).  Petitioner was sentenced to an indeterminate term of 25 years to life in prison

10  and to an additional determinate term of 3 years for the prior prison terms.

11          Petitioner's conviction was affirmed by the California Court of Appeal for the

12  Third Appellate District in an unpublished opinion filed August 23, 1999.  On November 10,

13  1999, the California Supreme Court summarily denied the petition for review filed by petitioner

14  on October 4, 1999.[2]  Petitioner did not seek habeas corpus relief in the state courts.

15          Petitioner's federal habeas petition was filed on April 20, 2000.  Respondents

16  filed an answer on August 4, 2000, and petitioner filed a traverse on August 25, 2000.

17          By order filed August 7, 2002, the undersigned determined that further briefing by

18  the parties was appropriate in light of the California Supreme Court's holding in People v.

19  Garcia, 25 Cal. 4th 744, 751-52 (2001), that a "willful" failure to register under California Penal

20  Code § 290 requires actual knowledge of the duty to register.  It appeared that a question critical

21  to petitioner's challenge to his conviction is whether the evidence presented at his trial was

22  sufficient to show that he knew he was required to register a location when he was homeless and

23  /////

24

25          [1]  See Pet. at pages numbered 2-4 & Ex. A at 3-4; Answer at 1-2, 5-6, & Exs. A & B.

26          [2]  Justice Mosk was of the opinion that the petition should be granted.  (Answer, Ex. B.)

                                                      2

had no address.  The parties were directed to submit supplemental briefs addressing the following

issues with regard to the decision in Garcia:

> (1)  What impact does the California Supreme Court's decision in the Garcia case have upon the federal habeas petition pending before this court?

> (2)  Was the evidence introduced at petitioner's trial sufficient to support his conviction for "wilfully" violating § 290 as interpreted by the California Supreme Court in Garcia and if so how?  Specifically, what evidence addressed the question critical to petitioner's conviction, i.e., whether petitioner knew he was required to register a location when he was homeless and had no address.

(Order filed Aug. 7, 2002, at 2.)  The parties were also directed to further address the question of

whether the imposition of a sentence of 28 years to life constitutes cruel and unusual punishment

in violation of the Eighth Amendment.  (Order filed Aug. 7, 2002, at 3.)  Petitioner and

respondents filed timely supplemental briefs on September 11, 2002, and September 20, 2002,

respectively.

FACTUAL BACKGROUND

> [Petitioner] was convicted of a sex offense in 1989 and was released on parole in 1995.  As a result of the conviction, [petitioner] is subject to a lifetime registration requirement pursuant to section 290.

> Before his release on parole, [petitioner] signed a form which stated in pertinent part, "I have been notified it is my duty to register as a convicted sex offender pursuant to section 290 of the California Penal Code.  [¶]  I understand that my responsibility to register as a sex offender is a life-time requirement.  I must register within 14 days of coming into any city, county or city and county in which I am domiciled with the law enforcement agencies having jurisdiction over my place of residence.  [¶]  I must upon changing my residence, inform in writing within ten days the law enforcement agency with whom I last registered."

> In October 1995, [petitioner] returned to prison after his parole was revoked.  On his release, [petitioner] signed another form acknowledging in similar wording his registration requirement.

> Between April 1995 and January 1996, [petitioner] filed five "Registration Change of Address" forms with the Sacramento Police Department.  In the final form, [petitioner] registered his

3

1

address as a car wash on Florin Road where he worked as a live-in attendant.

2

3

Parole Agent Antonio Galeste supervised [petitioner] from February 8, 1996, to March 29, 1996.  Because [petitioner] was on a "high control" level of supervision, Galeste would find a place for [petitioner] to stay if he became homeless.  Southside House, a state contracted room and board facility for parolees, and the Sequoia Hotel, where parole agents housed many homeless parolees, were available "[a]ny time [parolees] need a place to stay."  On two previous occasions, [petitioner] registered his address as Southside House.

4

5

6

7

On April 10, 1996, Jeff Doyle, [petitioner's] parole agent at that time, discovered that [petitioner] no longer resided at the Florin Road car wash.

8

9

On June 8, 1996, a Sacramento police officer responded to a call concerning a matter unrelated to [petitioner] at a motel on Stockton Boulevard.  When the officer arrived in the parking lot, [petitioner] walked up to the patrol car and stated that he had an outstanding warrant.  After the warrant was verified, [petitioner] was arrested.  The officer asked [petitioner] where he lived and wrote "transient" on his report, as is his habit when the subject does not give an address.

10

11

12

13

14 (Answer, Ex. A (Unpublished Order of California Court of Appeal filed Aug. 23, 1999

15 (hereinafter Opinion), at 2-3).)

16                                          ANALYSIS

17 I.  Standards of Review Applicable to Habeas Corpus Claims

18          A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

19 some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

20 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

21 Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

22 interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

23 Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

24 corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

25 (1972).

26 /////

                                                    4

1    This action is governed by the Antiterrorism and Effective Death Penalty Act of

2 1996 ("AEDPA").  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

3 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

4 habeas corpus relief:

5             An application for a writ of habeas corpus on behalf of a
      person in custody pursuant to the judgment of a State court shall
6     not be granted with respect to any claim that was adjudicated on
      the merits in State court proceedings unless the adjudication of the
7     claim -

8             (1) resulted in a decision that was contrary to, or involved
      an unreasonable application of, clearly established Federal law, as
9     determined by the Supreme Court of the United States; or

10            (2) resulted in a decision that was based on an unreasonable
      determination of the facts in light of the evidence presented in the
11    State court proceeding.

12 28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v.

13 Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

14    The court looks to the last reasoned state court decision as the basis for the state

15 court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

16 court reaches a decision on the merits but provides no reasoning to support its conclusion, a

17 federal habeas court independently reviews the record to determine whether habeas corpus relief

18 is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);

19 Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  When it is clear that a state court has not

20 reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the

21 AEDPA's deferential standard does not apply and a federal habeas court must review the claim

22 de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160,

23 1167 (9th Cir. 2002).

24 II.  The State Court Decisions Pertaining to Petitioner's Claims

25    The California Supreme Court summarily denied review of petitioner's claims by

26 an order that reads as follows:  "Appellant's petition for review DENIED."  (Answer, Ex. B

1  (Order of California Supreme Court in case No. S082618, filed Nov. 10, 1999).)  This order of

2  the state's highest court is "an unexplained order," i.e., "an order whose text or accompanying

3  opinion does not disclose the reason for the judgment." Ylst v. Nunnemaker, 501 U.S. 797, 802

4  (1991).  When confronted with a state court's unexplained order, the federal court applies the

5  following presumption:  "Where there has been one reasoned state judgment rejecting a federal

6  claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the

7  same ground." Id. at 803.  In applying this look-through presumption, unexplained orders are

8  given no effect. Id. at 804.

9          In this case, the California Court of Appeal issued a reasoned state judgment

10  rejecting petitioner's claims.  This court will therefore "look through" the California Supreme

11  Court's unexplained order to the California Court of Appeal's order filed August 23, 1999, in

12  considering the state's adjudication of petitioner's claims under the standard of review contained

13  in § 2254. Robinson, 360 F.3d at 1055.

14  III.  Ground One:  Sufficiency of the Evidence

15          A.  Petitioner's Claim and the State Court's Decision

16          In his federal habeas petition, petitioner has not summarized his first ground for

17  relief or offered a summary of supporting facts but has instead referred to the petition for review

18  he filed in the California Supreme Court.  In his state court petition, petitioner asserted that

19  "review should be granted on the important question of whether the evidence was legally

20  sufficient to support petitioner's conviction for failing to register his 'new residence address'

21  under the 1996 version of Penal Code Section 290 when petitioner was homeless."  (Pet., Ex. A

22  at I.)  Petitioner argued that his conviction was not supported by substantial evidence, as required

23  by the Due Process Clause of the Fifth and Fourteenth Amendments, because the registration

24  statute at the time of petitioner's offense did not apply to individuals who were homeless and had

25  no "new residence address" to report.  (Id., Ex. A at 2.)  Citing Lambert v. California, 355 U.S.

26  225 (1957), petitioner also argued that applying a definition of "residence address" to require

6

1   registration even when a person had no address, in a manner inconsistent with the plain and

2   common usage of the term "residence address" would, as applied in this case, "violate due

3   process of law by failing to confer adequate notice of the obligation to report." (Id., Ex. A at 13.)

4   Petitioner argued that, "due to his homelessness, it was unclear he had a 'new residence address'

5   to report." (Id., Ex. A at 8.)

6           According to petitioner, at his trial the prosecution argued that petitioner violated

7   the registration requirement of the statute both by failing to inform the Sacramento Police

8   Department that he had left his last address and also by failing to report a new location where he

9   stayed for any amount of time, whether it was a public park or similar shelter.  Petitioner argued

10   that the plain language of the statute did not impose an affirmative duty on a registrant to inform

11   the last agency of registration that he had left an address and did not require a person without a

12   residence address to report the lack of such an address.  (Id., Ex. A at 9-11.)  Petitioner asserted

13   that his interpretation of § 290(f) was in accord with the purposes of the registration law.  (Id.,

14   Ex. A at 11-12.)

15           Respondents contend that petitioner's challenge to the sufficiency of the evidence

16   does not present a federal question because it concerns the proper construction of California

17   Penal Code § 290(f), i.e., whether a homeless person has a duty to register under that code

18   section.  Respondents argue that the federal courts must presume that the state courts properly

19   applied state law.  (Answer at 14-16.)

20           The California Court of Appeal addressed petitioner's claim of insufficient

21   evidence at length.  (Opinion at 4-11.)  The court, applying general principles of statutory

22   construction, disagreed with petitioner's assertion that reading the statute to require a transient to

23   report temporary lodgings would violate his due process right to notice.  (Id. at 4-5.)  The court

24   found that the various requirements of § 290, considered along with the legislature's purpose in

25   passing the law, "suggest that 'residence address' must be defined with a concern for maintaining

26   continuous knowledge of the sex offender's whereabouts, rather than the permanency of a given

address." (Id. at 5-6.)  The court cited the legislature's conclusion that convicted sex offenders

are likely to commit similar offenses in the future along with the legislature's emphasis on timely

change-of-address notification as a tool to ensure that sex offenders are readily available for

police surveillance at all times.  (Id. at 6.)  Thus, the court concluded, "'residence address' must

include temporary and even non-traditional lodgings" because otherwise "the statute's purpose of

maintaining knowledge of the sex offender's whereabouts would be thwarted."  (Id.)

The state appellate court also rejected petitioner's due process argument,

explaining that

> "'[a] statute should be sufficiently certain so that a person may
> know what is prohibited thereby and what may be done without
> violating its provisions, but it cannot be held void for uncertainty if
> any reasonable and practical construction can be given to its
> language.'"  To this end, "[w]e [] require citizens to apprise
> themselves not only of statutory language but also of legislative
> history, subsequent judicial construction, and underlying legislative
> purposes."  Given that the Legislature's intent in enacting section
> 290 is long established and often reiterated, [petitioner] received
> adequate notice that he violated his registration requirement by
> failing to report his location once he left the Florin Road car wash.
>
> The record establishes that [petitioner] left his last registered
> address by April 10, 1996, and failed to report a new address
> within 10 days.  Sufficient evidence supports [petitioner's]
> conviction for failing to register.

(Id. at 10-11.)

B.  Exhaustion of State Remedies

As described above, petitioner is raising in the pending federal petition the same

claims he raised in his Petition for Review filed in the California Supreme Court.  Indeed, he has

filed the same brief in both courts.  Accordingly, there is no possibility that petitioner has filed a

new claim in this court that was not raised in state court.  In his petition, petitioner argues that his

conviction violates the federal Due Process Clause because it was not supported by sufficient

evidence that he had actual knowledge of the duty to register, or the probability of such

knowledge, as required by the holding in Lambert v. California, 355 U.S. 225 (1957).  He argues

1    that applying California Penal Code § 290(f) to a homeless person who had no "residence

2    address" violated his right to "notice" under the Due Process Clause.  (Pet., Ex. A at 13.)

3            In their supplemental brief, respondents argue that this court has raised a new

4    claim sua sponte.  (September 20, 2002 Supplemental Briefing at 3.)  Respondents contend that

5    petitioner has failed to exhaust this claim, which they describe as whether, "under [People v]

6    Garcia, sufficient evidence was presented at trial that [petitioner] knew he was required to

7    register."  (Id.)

8            Respondents misconstrue the intent of this court's request for supplemental

9    briefing.  The court did not raise a new claim.  Rather, briefing was requested on the issue of

10   whether Garcia had any bearing on the claims raised in the instant petition.  Garcia, a state case,

11   has no significant impact on petitioner's federal due process claim except to the extent that it

12   provides illumination, if any, of petitioner's federal claims.  As explained above, in order to

13   obtain habeas corpus relief, a petitioner must demonstrate that the state court decision with

14   respect to his claim is contrary to or an unreasonable application of federal law.  28 U.S.C. §

15   2254(d).  Petitioner's federal due process claim, as explained above, is fully exhausted.[3]

16       C.  Discussion

17           It is well established that a conviction based on insufficient evidence violates due

18   process.  See In re Winship, 397 U.S. 358, 364-65 (1970).  A federal court may grant habeas

19   relief only if, viewing the evidence in the light most favorable to the prosecution, no rational trier

20   of fact could have found the accused guilty of the offense, as defined by state law, beyond a

21

22           [3]  Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on
     behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless
23   it appears that . . . the applicant has exhausted the remedies available in the courts of the State."
     To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim in state
24   court "to give the State the opportunity to pass upon and correct alleged violations of its
     prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal
25   quotation marks omitted); see also Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that for a
     petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly
26   identified in the state court brief).

1   reasonable doubt.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979).  Evidence of actual knowledge

2   of the duty to register or proof of the probability of such knowledge and subsequent failure to

3   comply are necessary before a conviction under a registration ordinance such as California Penal

4   Code § 290 can stand under the Due Process Clause.  <u>Lambert</u>, 355 U.S. at 229.  <u>Cf.</u> <u>Bartlett v.</u>

5   <u>Alameida</u>, 366 F.3d 1020 (9th Cir. 2004) (habeas relief granted when the state trial court

6   erroneously instructed the jury that actual knowledge was not an element of the crime of failing

7   to register as a sex offender pursuant to California Penal Code § 290(f)).

8          It is undisputed that petitioner did not register as a sex offender from the time the

9   car wash on Florin Road ceased to be his "residence address," an event that occurred sometime

10  between late March and late April of 1996, to the time when he turned himself in to authorities,

11  on June 8, 1996.  It is also undisputed that petitioner was homeless during that time.  The issue at

12  trial was whether, under those circumstances, he was required to register pursuant to California

13  Penal Code § 290(f) while he was homeless.

14         At the time of the relevant events, California law required individuals convicted

15  of certain sex offenses to

16         register with the chief of police of the city in which he or she is
       domiciled or the sheriff of the county in which he or she is
17         domiciled in an unincorporated area . . . within fourteen days of
       coming into any city county, or city and county in which he or she
18         temporarily resides, or is domiciled for that length of time.  The
       person shall be required annually thereafter, within 10 days of his
19         or her birthday to update his or her registration with the entities
       described in this paragraph, including verifying his or her address
20         on a form as may be required by the Department of Justice.

21  Cal. Penal Code § 290(a) (West Supp. 1995).  The statute further provided:

22         If any person who is required to register pursuant to this section
       changes his or her residence address, the person shall inform, in
23         writing within 10 days, the law enforcement agency or agencies
       with which he or she last registered of the new address.  The law
24         enforcement agency or agencies shall, within three days after
       receipt of this information, forward it to the Department of Justice.

25

26  /////

                                     10

> The Department of Justice shall forward appropriate registration data to the law enforcement agency or agencies having local jurisdiction of the new place of residence.

Cal. Penal Code § 290(f) (West Supp. 1995).

The California Court of Appeal concluded, as a matter of state law, that the word "residence" contained in California Penal Code § 290(f) included a homeless person's transient location. As argued by respondents, this conclusion may not be set aside in this federal habeas corpus proceeding. See Estelle, 502 U.S. at 67-68 (a federal writ is not available for alleged error in the interpretation or application of state law); Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993) (federal courts are "bound by a state court's construction of its own penal statutes"); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (a federal habeas court must defer to the state court's construction of its own penal code unless its interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation"). However, this court agrees with petitioner that, notwithstanding the state appellate court's interpretation of the word "residence," there was insufficient evidence presented at his trial that petitioner knew he was required to comply with § 290(f) after he became homeless.

As set forth above, it was established at petitioner's trial that he signed two "Registration Change of Address/Annual Update" forms which informed him that he must register with the appropriate law enforcement agency within 14 days of entering a jurisdiction in which he is domiciled, must within 10 days of changing his residence notify in writing the agency with which he had last registered, and must maintain his registration for the rest of his life.[4] These change of address forms required a "new address (full street address, city and zip code)." (Clerk's Transcript on Appeal, pages 1-142, at 4-7.) There was no evidence presented that petitioner was notified he could register as a transient on the form or report a "location" as

---

[4] As noted by the trial court judge, the advisements on the notice forms signed by petitioner do not track the language of § 290 exactly and may "go beyond Penal Code Section 290's requirements in a sense" and be "beyond what the law requires." (Reporter's Transcript on Appeal (RT) at 120, 121.)

opposed to an address, and the papers he signed contained no such notice.  Similarly, there was

no evidence introduced at his trial that petitioner actually knew he was required to comply with

California Penal Code § 290(f) if he became homeless or, if he was required to comply, that he

knew how to register a location with no address.  Indeed, the evidence introduced at petitioner's

trial revealed that even state agencies were confused about this issue.  Marty Langley, California

Department of Justice custodian of records for "sex and arson registration records" testified for

the prosecution that agencies differed widely with respect to what they told transients about

compliance with § 290(f).  Highlighting the confusion with respect to the obligations imposed by

the statute with respect to the homeless is the following excerpt from Ms. Langley's testimony:

> A.  I have one agency that has a transient come in every ten days.  I
> talked to another agency where they – every time the person
> moves, he says –
>
> MS. BAGLEY (the prosecutor):  I move to strike as being
> nonresponsive.
>
> THE COURT:  No, no, no, no, it's responsive.  I want to hear the
> end of her answer, all right, go ahead.
>
> THE WITNESS:  Okay.  I said there's one agency that I know of
> that make (sic) them register every day.  Another agency has stated
> that if the person goes – if they stay at one house one day and they
> are at another shelter the next day, they are required to come in
> every time they move, location where they are spending the night.

(RT at 116.)  Ms. Langley also testified that "we're in the middle of rewriting portions of the

Penal Code to make this clearer regarding transients," and to "make it more clear that even if

they are transient, they are still required to register."  (Id. at 129, 133.)  The prosecution witness

conceded that the law was "vague on transients."  (Id. at 130.)  After a question by the trial judge,

Ms. Langley expressed her opinion that § 290 did not deal with a situation where a sex offender

became transient "because there's no mention of transient in the Penal Code."  (Id. at 130.)

In order to remedy the problems in attempting to determine how and whether

homeless persons should register as sex offenders in compliance with § 290(f), the California

legislature in 1997 amended California Penal Code § 290 to include a requirement that sex

1    offenders report "changes [of] residence address or location."  Cal. Penal Code § 290(f) (West

2    Supp. 1997).  The purpose of these amendments to § 290 "was to bring transient sex offenders,

3    who have no 'residence,' within the scope of section 290."  People v. North, 112 Cal. App. 4th

4    621, 629 (2003) (holding the then-existing version of § 290 to be unconstitutionally vague

5    because the term "location" failed to provide sufficient specificity as to when a transient sex

6    offender was required to register in a particular jurisdiction and urging the California legislature

7    to once again revise the law as it applied to transients).  California Penal Code § 290(f) now

8    requires the reporting of "the new address or transient location, if known."  If the person does not

9    know the new residence address or location at the time he/she moves, the registrant is required to

10   inform the authorities that he or she is moving and, within five days, of "the new address or

11   location."  Cal. Penal Code § 290(f)(1)(B).  Unlike these subsequent versions of California Penal

12   Code § 290(f), the version in force and effect at the time of petitioner's failure to register did not

13   address or describe the registration obligations of transients such as petitioner.

14          Petitioner declined to testify at his trial, and there was no evidence introduced

15   suggesting that he had actual knowledge of a duty to register a location when he had no address.

16   There was also no evidence presented to the jury indicating a probability that petitioner had such

17   knowledge.  As described above, rather than demonstrating that the statute was clear as to the

18   obligation of homeless persons, the evidence introduced at petitioner's trial demonstrated that

19   state authorities themselves were confused about how to apply § 290(f) to transient sex offenders

20   and that this confusion led to numerous changes in the language of the statute.  The fact that

21   petitioner registered as a sex offender at times when he had an actual residence address, as

22   opposed to a transient location, is irrelevant.  It is clear from the record that petitioner had written

23   notice of his duty to register, in the abstract, when he signed the change of address notices

24   described above.  However, the uncertainty about the registration requirements did not arise in

25   this case until petitioner became homeless and lost a "residence address" to report.  There was no

26   /////

1   evidence presented at his trial that petitioner had actual knowledge that he was required to

2   register pursuant to California Penal Code § 290(f) under those circumstances.

3          The decision of the California Court of Appeals rejecting petitioner's due process

4   claim is contrary to the holdings of the United States Supreme Court in Lambert and Jackson

5   because there was insufficient evidence presented that petitioner had actual knowledge of the

6   duty to register when he became homeless nor was there any showing of the probability that he

7   possessed such knowledge.  See Riley v. Payne, 352 F.3d 1313, 1317 (9th Cir. 2003) (a state

8   court decision is "contrary to" federal law when it "applies a rule that contradicts the governing

9   law" set forth in a decision of the United States Supreme Court or applies controlling law to a set

10  of facts that is "materially indistinguishable" from a Supreme Court decision but nevertheless

11  reaches a different result).  Accordingly, habeas relief should be granted and petitioner's

12  conviction must be set aside.

13         A defendant may not be retried under the Doubly Jeopardy Clause if the evidence

14  against him is insufficient to support a conviction.  Burks v. United States, 437 U.S. 1, 17 (1978)

15  (retrial after appellate court found evidence insufficient to support verdict violates double

16  jeopardy); United States v. Messer, 197 F.3d 330, 341 (9th Cir. 1999) ("a defendant may not be

17  retried under the Double Jeopardy Clause if the evidence against him is insufficient to support a

18  conviction").  Accordingly, the undersigned recommends that upon granting of relief, petitioner

19  be ordered released from custody.

20  IV.  Petitioner's Remaining Claims

21         Because the foregoing issue is dispositive, this court will not address petitioner's

22  remaining arguments.

CONCLUSION

24         In accordance with the above, IT IS HEREBY RECOMMENDED that

25  petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 be granted on

26  petitioner's due process claim and that petitioner be ordered released forthwith.

14

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may, under some circumstances, waive the

8  right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: February 26, 2007.

10

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

13  8:smith874.hc

14

15

16

17

18

19

20

21

22

23

24

25

26